COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



**AMENDED MEMORANDUM ORDER**

| | |
|---|---|
| Style: | Tracy Brown d/b/a Rhinestones in Design v. Mesa Distributors, Inc. |
| Appellate cause number: | 01-12-00476-CV |
| Trial court: | County Civil Court at Law No. 3 of Harris County, Texas |
| Trial court cause number: | 990817 |

We withdraw our order of June 18, 2012 in the above-captioned cause and issue this order in its place. On May 4, 2012, appellant Tracy Brown d/b/a Rhinestones in Design filed an affidavit of indigence in the trial court in the above-referenced appeal. On May 9, 2012, the county clerk timely filed a contest to the affidavit. *See* TEX. R. APP. P. 20.1(e). Within 10 days after the contest was filed, by May 21, 2012, the trial court was required either to conduct a hearing on the contest or to sign an order extending the time to conduct the hearing on the contest. *See* TEX. R. APP. P. 20.1(i)(2)-(3). Although the county clerk filed a motion requesting that the court extend the time to file the hearing, the clerk's record on indigence does not reflect that the trial court signed an order extending the time for the hearing. The trial court was therefore required to sign an order on the contest within the prescribed period for the hearing, by May 21, 2012. *See* TEX. R. APP. P. 20.1(i)(4). The trial court signed an order sustaining the contest on May 15, 2012, and therefore the order sustaining the contest was timely.

Appellant did not file a challenge in this Court to the trial court's order until June 4, 2012. *See* TEX. R. APP. P. 20.1(j)(1) ("If the trial court sustains a contest, the party claiming indigence may seek review of the court's order by filing a motion challenging the order with the appellate court without advance payment of costs."), (2) ("The motion must be filed within 10 days after the order sustaining the contest is signed, or within 10 days after the notice of appeal is filed, whichever is later."). The notice of appeal in this case was filed on May 4, 2012, and the order sustaining the contest was signed on May 15, 2012. Therefore, appellant had until May 25, 2012 to file a motion with this Court challenging the trial court's order on the contest. Appellant's motion challenging the order sustaining the contest to his affidavit of indigence was not timely filed.[1] *See* TEX. R. APP. P. 20.1(j). The required filing fee is now due.

It is **ORDERED** that appellant, Tracy Brown d/b/a Rhinestones in Design, pay the filing fee of $175.00 to this Court no later than 10 days from the date of this order, or the appeal will be dismissed. *See* TEX. R. APP. P. 5 (requiring payment of fees in civil cases unless indigent); *see also* TEX. GOV'T CODE ANN. §§ 51.207, 51.941(a) (Vernon 2005), § 101.041 (Vernon Supp. 2011) (listing fees in court of appeals); Order Regarding Fees Charged in Civil Cases in the Supreme Court and the Courts of Appeals and Before the Judicial Panel on Multidistrict Litigation, Misc. Docket No. 07-9138 (Tex. Aug. 28, 2007), *reprinted in* TEX. R. APP. P. app. A § B(1) (listing fees in court of appeals); *see also* TEX. R. APP. P. 42.3(c) (allowing involuntary dismissal of case).

---

[1] On June 4, 2012, the appellant also filed a second affidavit of indigence in this court. If a party fails to timely challenge a trial court's order sustaining a contest to the party's affidavit of indigence, the filing of subsequent affidavits of indigence do not permit the party to relitigate the issue of their indigence. *See* TEX. R. APP. P. 20.1; *In re J.R.V.*, 361 S.W.3d 200, 205–206 (Tex. App.—El Paso 2012, pet. denied).

Judge's signature: **/s/ <u>Justice Evelyn V. Keyes</u>**

           ☑ Acting individually      ☐   Acting for the Court

Date: July 3, 2012